

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-93,731-02

## EX PARTE TIMOTHY WAYNE DUNLAP, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 007-0185-18-A IN THE 7TH DISTRICT COURT FROM SMITH COUNTY

*Per curiam*.

## O R D E R

Applicant entered an open plea of guilty to evading arrest or detention with a motor vehicle and was sentenced to fifty years' imprisonment. The Twelfth Court of Appeals affirmed his conviction. *Dunlap v. State*, No. 12-18-00180-CR (Tex. App. — Tyler June 28, 2019) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that his plea was involuntary because trial counsel advised him that if he entered an open plea, he would receive no more than forty years' imprisonment. Applicant also alleges that trial counsel failed to object to use of the same

enhancement allegations twice, and failed to argue that the evidence did not support an affirmative deadly weapon finding. Applicant has alleged facts that, if true, might entitle him to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Argent*, 393 S.W.3d 781 (Tex. Crim. App. 2013). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall first ensure that the habeas record is supplemented with copies of the *Brooks* notice of intent to seek enhanced punishment in this case, the pre-sentencing investigation report, and transcripts of the plea and punishment proceedings. The trial court shall make findings of fact as to whether Applicant pleaded "true" to any punishment enhancements in this case, and if so, why the judgment does not reflect any plea or findings as to punishment enhancements. The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant would have insisted on a trial but for counsel's alleged deficient performance. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's

findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed:  November 09, 2022
Do not publish